UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JARED MICHAEL HANNER,

    Defendant.
_____/

Hon. Paul L. Maloney

Case No. 1:23-cr-115

**ORDER**

On September 29, 2023, Defendant appeared before the undersigned for an arraignment, initial pretrial conference, and bond hearing. At the bond hearing, counsel for Defendant requested Defendant be released back to the custody of the Michigan Department of Corrections ("MDOC") to serve his time there while awaiting trial in this Court. Defense counsel asserted that his return to MDOC would not prevent adequate and effective trial preparation. The Court held Defendant's request in abeyance, and requested counsel for both parties to submit briefing on the question of whether the Court should detain Defendant in federal custody or allow him to return to state custody pending trial in this Court.

Both parties filed briefs. Defendant noted that the Court has the authority to release the writ and return Defendant to MDOC custody at Defendant's request. *See United States v. Eaddy*, 595 F.2d 341, 344 (6th Cir. 1979). A subsequent writ would be required to return him to federal custody for future proceedings. On October 16, 2023, Defendant submitted a signed waiver requesting that he be returned to state custody and waiving his right to remain in federal custody pending the resolution of the federal case under the anti-shuttling provision of the Interstate

Agreement on Detainers, 18 U.S.C. App. 2, Art. IV. (ECF No. 39). The government's brief did not squarely address the issue before the Court.

Upon review of the parties' submissions, Defendant's request is denied without prejudice. While Defendant articulated a reasonable basis for wishing to be returned to state custody, including that his property was at MDOC,[1] the Court notes that his next appearance in federal court is currently scheduled for November 15, 2023, and a trial is set for November 28, 2023. Requiring the U.S. Marshals Service to transport Defendant to and from MDOC custody multiple times within such a short period of time would unduly burden that organization. In addition, MDOC would not be required to keep Defendant at the Central Michigan Correctional Facility and could move him to a more remote facility, increasing that burden. If another jurisdiction were to issue a writ of habeas corpus for Defendant, this Court could lose the ability to writ him back for the final pretrial conference and trial, potentially delaying proceedings here. The concern for delay in proceedings is heightened here because there is a co-defendant in the case who is also entitled to a speedy trial.

For these reasons, the Court declines to relinquish the writ. I also find by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or combination of conditions will assure Defendant's appearance at trial.

Accordingly, IT IS ORDERED that defendant is committed to the custody of the Attorney General pending trial.

---

[1] At the hearing, Defendant stated that he would not receive credit with the State for time spent in federal custody. The Marshals Service has represented to the Court that that is not correct.

IT IS SO ORDERED.

Dated: October 20, 2023                                         /s/ Sally J. Berens
                                                                SALLY J. BERENS
                                                                U.S. Magistrate Judge